UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 09-10881
                                    HONORABLE GEORGE CARAM STEEH
v.

RONALD S. BARCZYK and
DEBORAH A. BARCZYK,

        Defendants.
                                              /

## ORDER DENYING DEBORAH A. BARCZYK'S MOTION FOR RECONSIDERATION

The United States sued Defendants Ronald and Deborah Barczyk to recover certain federal taxes owed by Mr. Barczyk. On March 24, 2010, the Court granted summary judgment for the Government (Dkt. #34), and entered judgment against Mr. Barczyk for $528,771.55, plus statutory additions including interest from July 14, 2007 (Dkt. #35). The Court authorized the Government to foreclose on its tax liens against Mr. Barczyk by selling Defendants' property at 6091 Niles Drive, Troy, Michigan 48089.

The Court also held that Mrs. Barczyk is entitled to half of the proceeds from the sale of the property. In doing so, the Court adopted the rule that, "when a spouse's failure to pay federal taxes results in foreclosure and forced sale, under [26 U.S.C.] § 7403, of property owned by the entirety, each spouse's interest in the property must be valued equally, unless extraordinary circumstances and equity dictate a different outcome." *United States v. Barczyk*, No. 09-10881, slip op. 20 (E.D. Mich. Mar. 24, 2010). The Court found no extraordinary circumstance applicable in this case.

Mrs. Barczyk moves for the Court to reconsider the amount she can recover (Dkt.

#36). She claims to have found two authorities which "powerfully establish" that the Court's decision was error. First, Mrs. Barczyk cites *Revenue Ruling* 78-166, 1978-1 CB 283 (1978), where the Internal Revenue Service held that a spouse's interest in jointly-owned property was worth half of the property's value, plus the probability of inheriting the other spouse's interest, ascertained by use of joint-life actuarial tables. Next, Mrs. Barczyk directs the Court's attention to the following excerpt from oral argument in *United States v. Craft*, 535 U.S. 274, 122 S. Ct. 1414, 152 L. Ed. 2d 437 (2002):

> The Court: But in your view, you always value the taxpayer's interest at 50 percent?
> The Government: No. I think in . . . [*United States v. Rodgers*, 461 U.S. 677, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983)], – well, if the property's been sold, yes. If the property hasn't been sold, and we're talking about in a foreclosure context, I believe the *Rodgers* Court goes through the example of the varying life expectancies of the two tenants, and which one – and I believe what the Court in *Rodgers* said was that each of them should be treated as if they have a life estate plus a right of survivorship, and the Court explains how that could well – I think in the facts of *Rodgers* resulted in only ten percent of the proceeds being applied to the husband's interest and 90 percent being retained on behalf of the spouse, but –
> The Court: But there must be a foreclosure to that extent?

*Craft*, Tr. 15 (Alderson Reporting Co.).

Mrs. Barczyk contends the Court's equal valuation rule is unfair, because the IRS considered survivorship interests in *Revenue Ruling* 78-166, and because the Government espoused a contrary argument before the Supreme Court. This argument is not well taken.

The Sixth Circuit instructs that the level of deference given to an IRS revenue ruling depends on "the thoroughness evident in its consideration, the validity of its

2

reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Aeroquip-Vickers, Inc. v. Comm'r of Internal Revenue*, 347 F.3d 173, 181 (6th Cir. 2003) (*quoting United States v. Mead Corp.*, 533 U.S. 218, 228, 150 L. Ed. 2d 292, 121 S. Ct. 2164 (2001); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 89 L. Ed. 124, 65 S. Ct. 161 (1944)). Applying this analysis, the Court finds *Revenue Ruling* 78-166 entirely unpersuasive.

First, *Revenue Ruling* 78-166 addresses the devolution of jointly-owned real property when a joint tenant *murders* the other. Furthermore, even if *Revenue Ruling* 78-166 were in any way relevant, its holding contradicts I.R.S. Notice 2003-60, which deals specifically with collections from entireties property, and attributes half of the property's value to each spouse. 2003-39 I.R.B. 643, 2003 WL 22100950, 2003 IRB LEXIS 386 (Sept. 11, 2003). *Revenue Ruling* 78-166 simply bears no relationship to this case and its outcome.

Mrs. Barczyk's reliance on *Rodgers*, 461 U.S. at 698-99, the section discussed at oral argument in *Craft*, is equally misplaced. This Court explained why that part of *Rodgers* does not govern here. *Barczyk*, slip op. 15. Not only is it dicta, but its persuasive value is undercut by the Supreme Court's warning that it is "*only for the sake of illustration*," because "[t]he exact method for distribution required by § 7403 is not before us at this time." *Id.* at 698 (emphasis in original). The fact that this section was referenced at oral argument in *Craft* does nothing to increase its precedential value, or to discredit this Court's reasoning.

For these reasons, Mrs. Barczyk's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED.**

Dated: April 6, 2010

        S/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 6, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

**IT IS ORDERED.**

Dated: April 6, 2010

    S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 6, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk